

# Notice of Service of Process

**CHS / LABOR**
**Transmittal Number: 22759743**
**Date Processed: 02/15/2021**

| | |
|---|---|
| **Primary Contact:** | Andrea Martin<br>Southeastern Grocers<br>8928 Prominence Pkwy<br>Bldg 200<br>Jacksonville, FL 32256-8264 |
| **Electronic copy provided to:** | Jessica Nelson |
| **Entity:** | Winn-Dixie Stores, Inc.<br>Entity ID Number  2185861 |
| **Entity Served:** | Winn-Dixie Stores, Inc. |
| **Title of Action:** | Pambela Carter vs. WInn-Dixie Stores Inc. |
| **Document(s) Type:** | Summons and Amended Complaint |
| **Nature of Action:** | Labor / Employment |
| **Court/Agency:** | Marion County Court, FL |
| **Case/Reference No:** | 21 SC000580AX |
| **Jurisdiction Served:** | Florida |
| **Date Served on CSC:** | 02/12/2021 |
| **Answer or Appearance Due:** | 03/23/2021 |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | Jason Tenenbaum<br>305-998-7000 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
251 Little Falls Drive, Wilmington, Delaware 19808-1674  (888) 690-2882  |  sop@cscglobal.com

**EXHIBIT A**

Filing # 121178480 E-Filed 02/10/2021 03:44:16 PM

21-0285

IN THE COUNTY COURT OF THE FIFTH JUDICIAL CIRCUIT
IN AND FOR MARION COUNTY FLORIDA

PAMBELA CARTER
Plaintiff

Served Date: FEB 12 2021   Time: 11:11am
James Kady #065
2nd Judicial Circuit
JK

vs.

Case Number: 21SC000580AX

WINN-DIXIE STORES INC.
LARRY DOE
LARRY DOE CLEANING SERVICES
    Defendant

*Please contact your attorney or visit to confirm the status of your court event prior to the scheduled date.*

### SUMMONS/NOTICE TO APPEAR FOR PRETRIAL CONFERENCE/MEDIATION

THE STATE OF FLORIDA:
TO ALL AND SINGULAR THE SHERIFFS OF THE STATE OF FLORIDA:

YOU ARE HERBY COMMANDED to serve this summons and a copy of the complaint upon the Defendant:

WINN-DIXIE STORES INC.
C/O CORPORATION SERVICE COMPANY
1201 HAYS ST
TALLAHASSEE, FL 32301

YOU ARE HEREBY NOTIFIED that you are required to appear in person or by an attorney in a ZOOM ELECTRONIC HEARING on 03/23/2021 at 02:00 PM for a PRETRIAL CONFERENCE.

### IMPORTANT – READ CAREFULLY

### THE CASE WILL NOT BE TRIED AT THE PRETRIAL CONFERENCE,
### NO WITNESSES - APPEAR REMOTELY OR BY ATTORNEY

The Defendant(s) must attend this electronic hearing on the date specified in order to avoid a default judgment. The Plaintiff(s) must attend the electronic hearing to avoid having the case dismissed for lack of prosecution. A written MOTION or ANSWER to court by the plaintiff(s) or the defendant(s) shall not excuse the attendance of a party or its attorney in the PRETRIAL CONFERENCE/MEDIATION. The date and time of the pretrial conference CANNOT be rescheduled without good cause and prior court approval.

fb4bsavp.cyh121SC000580AX1 Page 1 of 4

A corporation may be represented at any stage of the trial court proceedings by an officer of the corporation or any employee authorized in writing by an officer of the corporation. Written authorization must be brought to the Pretrial Conference/Mediation.

The Court will use the Zoom computer platform to conduct this hearing without anyone having to appear in person before the Court to comply with the applicable Emergency COVID-19 Administrative Orders issued by the Florida Supreme Court and the 5th Judicial Circuit Court.

This is a **MANDATORY** hearing. To participate, you will need to use a computer with camera and internet connection, a smart phone with camera and internet connection or a regular phone that may not have internet connection. **To participate, you should find access to a computer or smart phone with camera and internet access to appear by both video and audio during this hearing.** A video connection is required for the Court to be able to administer any oaths and to take any testimony from you or any witnesses you might want to present. If you are not at all able to access a computer or smart phone with camera and internet access, then at least you are required to phone in and have an audio presence before the Court during this hearing. You are advised that having only an audio presence before the Court will significantly limit what can be accomplished during this hearing and may necessarily require additional hearings in the future.

TO PARTICIPATE BY USING A COMPUTER OR SMART PHONE WITH
INTERNET CONNECTION

Join Zoom Hearing by accessing the following website:

https://zoom.us/j/97771112130?pwd=dzIycXNzV2ZpbU03emZ5WIJKUkIIZz09

Meeting ID: 977 7111 2130
Passcode: 346455

Dial by your location
+1 786 635 1003 US (Miami)
+1 646 558 8656 US (New York)
+1 651 372 8299 US (Minnesota)
+1 267 831 0333 US (Philadelphia)
+1 301 715 8592 US (Washington DC)
+1 312 626 6799 US (Chicago)
+1 470 250 9358 US (Atlanta)
+1 470 381 2552 US (Atlanta)
+1 646 518 9805 US (New York)
+1 720 928 9299 US (Denver)

fb-fbsavp.cyh | 21SC000580AX | Page 2 of 4

+1 971 247 1195 US (Portland)
+1 213 338 8477 US (Los Angeles)
+1 253 215 8782 US (Tacoma)
+1 346 248 7799 US (Houston)
+1 602 753 0140 US (Phoenix)
+1 669 219 2599 US (San Jose)
+1 669 900 9128 US (San Jose)
Meeting ID: 977 7111 2130
Passcode: 346455
Find your local number: https://zoom.us/u/abAb3QHrBg

## NOTICE: Failure to appear may result in a dismissal or default being entered.

The purpose of the pretrial conference is to record your appearance, to determine if you admit all or part of the claim, to enable the court to determine the nature of the case, and to set the case for trial if the case cannot be resolved at the pretrial conference. You or your attorney should be prepared to confer with the court and to explain briefly the nature of your dispute, state what efforts have been made to settle the dispute, exhibit any documents necessary to prove the case, state the names and addresses of your witnesses, stipulate to the facts that will require no proof and will expedite the trial, and estimate how long it will take to try the case.

**Mediation** may take place at the pretrial conference. Whoever appears for a party must have full authority to settle. Failure to have full authority to settle at this pretrial conference may result in the imposition of costs and attorney fees incurred by the opposing party.

If you admit the claim, but desire additional time to pay, you must come and state the circumstances. The court may or may not approve a payment plan and may withhold judgment or execution or levy.

**RIGHT TO VENUE.** The law gives the person or company who has sued you the right to file in anyone of the several places as listed below. However, if you have been sued in any place other than one of these places, you, as the defendant(s), have the right to request that the case be moved to a proper location or venue. A proper location or venue may be one of the following: (1) where the contract was entered into; (2) if the suit is on an unsecured promissory note, where the note is signed or where the maker resides; (3) if the suit is to recover property or to foreclose a lien, where the property is located; (4) where the event giving rise to the suit

fb4bsavp.eyh | 21SC000580AX | Page 3 of 4

occurred; (5) where anyone or more of the defendants sued reside; (6) any location agreed to in a contract; (7) in an action for money due, if there is no agreement as to where suit may be filed, where payment is to be made.

If you, as the defendant(s), believe the plaintiff(s) has/have not sued in one of these correct places, you must appear on your court date and orally request a transfer, or you must file a WRITTEN request for transfer in affidavit form (sworn to under oath) with the court 7 days prior to your first court date and send a copy to the plaintiff(s) or plaintiffs(s') attorney, if any.

Both plaintiff(s) and defendant(s) must keep the Clerk of Court informed of their current address. Should any changes in court dates or scheduling be required, notice will be sent by regular mail to the last known address on file with the clerk.

A copy of the statement of claim shall be served with this summons.

WITNESS my hand and the seal of said Court on 10th of February, 2021.

Gregory C. Harrell
Clerk of Court and Comptroller

*S. C.*
Deputy Clerk

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator at the Office of the Trial Court Administrator, Marion County Judicial Center, 110 NW First Avenue, Ocala, Florida 34475, Telephone (352)401-6710, at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

Filing # 121057773 E-Filed 02/09/2021 11:09:03 AM

IN THE COUNTY COURT OF THE
FIFTH JUDICIAL CIRCUIT IN AND FOR
MARION COUNTY, FLORIDA

CASE NO.: 21SC000580AX]

PAMBELA CARTER.

    Plaintiff,

v.

WINN-DIXIE STORES, INC.,
LARRY CLARK
CORPORATE CLEANING GROUP

    Defendant.

_____ /

## AMENDED COMPLAINT

The Plaintiff, PAMBELA CARER, ("Plaintiff"), by its attorneys. Felicetti Law Firm, PLLC, complaining of the Defendant WINN-DIXIE STORES, INC., LARRY CLARK, CORPORATE CLEANING GROUP ("Defendants"), alleges as follows:

1. This is a civil action brought by Plaintiff to recover unpaid overtime compensation and Earned wages under the Fair Labor Standards Act ("FLSA") and breach of contract under Florida Labor Law. Plaintiff has worked for Defendants from November 27, 2020 through December 26, 2020

2. Plaintiff brings this action pursuant to the FLSA. 29 USC §§ 201, to remedy violations of the wage-and-hour provisions of the FLSA that occurred at Defendants. Plaintiff also brings state law claims.

3. Defendants, upon information and belief, also had day to day decision making with the hiring, firing and supervising of cleaning the establishment at WINN-DIXIE STORES, INC., located at 10051 South US Highways 41, Dunnellon, Florida.

4. Plaintiff seeks injunctive and declaratory relief against Defendants for their unlawful actions, compensation for their failure to pay overtime wages and earned wages, compensation for wages that were illegally deducted and for breach of contract and liquidated damages, compensatory damages, prejudgment and post-judgment interest, and attorney's fees and costs, pursuant to the FLSA and Florida Labor Law.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this matter inasmuch as the State Courts have concurrent jurisdiction with the Federal Courts over violations of the Fair Labor and Standards Act. ("FLSA")

6. State Courts have subject matter jurisdiction over the state-law claims.

7. Venue is proper in this County as the acts in question occurred within this County.

## PARTIES

8. Plaintiff is an individual citizen of the State of Florida, and is a resident of Florida and currently resides at 14560 SW 35th Terrace Road, Ocala Fl 33573.

9. Defendant Winn-Dixie Stores, Inc. ("Winn Dixie"), is now and at all times relevant to this action, an unincorporated corporation and resides at 10051 South US Highways 41, Dunnellon, Florida, that employed Plaintiff at all times.

10 Defendant Larry Clark is the owner of Corporate Cleaning Group ("Cleaning Services") service that performed work inside Defendant Winn Dixie and employed Plaintiff as a cleaner at all times

11. Defendant Cleaning Services is the cleaning service that performed work inside Defendant Winn Dixie and employed Plaintiff as a cleaner at all times.

12. At all times relevant to this action, Cleaning Services, was owned, managed,

supervised or otherwise controlled by Larry Clark, and was an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

13. On information and belief, Cleaning Services has (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person: and (2) an annual gross volume of sales in excess of $500,000.00.

14. On information and belief, Winn Dixie, has (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) an annual gross volume of sales in excess of $500,000.00.

15. On information and belief, for many years, Larry Clark, maintained, controlled and/or and oversaw the direction of Cleaning Services

16. Defendant Larry Clark of Cleaning Services are persons engaged in business in the State of Florida, who is sued individually in his/her/their capacity as an owner, officer, and agent of Cleaning Services. Defendants exercised sufficient control over this corporate entity to be considered Plaintiff's employer under the FLSA , and at all times material hereto said Defendant had the authority to hire and fire employees and established and maintained policies regarding the pay practices at Cleaning Services and for all personnel.

## FACTS OF THE MATTER

17. On or about November 27, 2020, Plaintiff worked for Winn Dixie as the location at 10051 South US Highways 41, Dunnellon, Florida as a cleaner from 10:45 to 6:00 AM.

18. On or about November 27, 2020, Plaintiff worked for Cleaning Services as the location at 10051 South US Highways 41, Dunnellon, Florida as a cleaner from 10:45 to 6:00 AM.

19. Specifically, Plaintiff was hired by Larry Clark of Cleaning Services to perform the aforesaid work.

20. Plaintiff was supervised and managed by Winn Dixie, Larry Clark and Cleaning Services.

21. Plaintiff worked 7.25 hours a day, six days per work at least 80 hours per week from November 27, 2020 through December 26, 2020, and only received $300.00 in total.

22. Plaintiff was not compensated full and proper time and one-half compensation for such hours, in violation of the FLSA overtime provisions.

23. On or about December 23, 2020, Defendants terminated Plaintiff's employment.

24. Plaintiff is owed the sum of money that is within the jurisdictional limit of the County court, for wages that were never paid, along with penalties and interest.

## COUNT I – BREACH OF CONTRACT

25. Plaintiffs reiterates and readopts all allegations contained within Paragraphs 1 through 24 above.

26. Defendants promised Plaintiff the sum of $10.00 per hour and overtime pay for work in excess of 40 hours per week.

27. Defendants breached this agreement through failing to pay Plaintiff the amounts that are due and owing except for the sum of $300.00

28. As a result of Defendants' breach of contract, Plaintiff has been damaged in the form of lost wages and unpaid overtime.

29. As a direct and proximate result of Defendant's deliberate breach of contract, Plaintiff has been damaged.

WHEREFORE, Plaintiff demands judgment against Defendant for lost wages, unpaid leave, and other damages to be proven at trial, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II – UNJUST ENRICHMENT

30. Plaintiffs reiterates and readopts all allegations contained within Paragraphs 1 through 29 above.

31. Defendants promised Plaintiff the sum of $10.00 per hour and overtime pay for work in excess of 40 hours per week.

32. Defendants breached this promise through failing to pay Plaintiff the amounts that are due and owing except for the sum of $300.00

33. As a result of Defendants' conduct, Plaintiff has been damaged in the form of lost wages and unpaid overtime.

34. Defendant has been unjustly enriched to the detriment of Plaintiff in a sum of money within the jurisdictional limitations of this Court.

WHEREFORE, Plaintiff demands judgment against Defendant for lost wages, unpaid leave, and other damages to be proven at trial, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

## COUNT III – VIOLATION OF 29 U.S.C. § 207
## OVERTIME COMPENSATION

35. Plaintiff, by reference, reiterates and adopts paragraph 1-34.

36. The overtime wage provisions set forth in the FLSA, 29 U.S.C §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendant and protect Plaintiff.

37. Plaintiff worked in excess of forty hours during the work week in the relevant period.

38. Defendants willfully failed to pay Plaintiff the appropriate overtime premiums for all hours worked in excess of 40 hours per workweek, as required by the FLSA 29 U.S.C §§ 201 *et seq.*, and the supporting federal regulations.

39. Defendants' unlawful conduct, as described in this Complaint, has been willful and intention. Defendants are aware of should have been aware that the practices described in this Complaint were unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff.

40. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C §§ 201 *et seq.*

41. As a result of Defendants' willful violations of the FLSA, Plaintiff has been deprived of overtime compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorney's fees, costs and other compensation pursuant to 29 U.S.C 201 *et seq.*

WHEREFORE, Plaintiff demands judgment against Defendant for, unpaid overtime, liquidate damages, prejudgment interest and all other damages to be proven at trial, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

## COUNT IV – STATUTORY ATTORNEY'S FEES

42. Plaintiff, by reference, reiterates and adopts paragraph 1-41.

43.. Plaintiff in bringing an action for a breach of contract involving unpaid wages and unpaid overtime is entitled to an award of reasonable attorney's fees for services that were rendered in connection with this matter.

44. FSA §448.08 by its express terms mandates an "[a]ward to the prevailing party in an action for unpaid wages costs of the action and a reasonable attorney's fee."

45. Since Plaintiff has not been paid wages that are due and owing, an appropriate award for attorneys' fees must issue.

**WHEREFORE**, Plaintiff demands judgment for damages against Defendants along with its reasonable attorney's fees and the costs of this action.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues and all counts of this Complaint so triable as a matter of right.

Dated: February 8, 2021

                                         Yours, etc.
                                         */s/ Jason Tenenbaum*
                                         By: Jason Tenenbaum, Esq.
                                         Florida Bar Number: 0670200
                                         Felicetti Law Firm, PLLC
                                         1600 Ponce De Leon Blvd, Suite 1201
                                         Coral Gables, FL 33134
                                         (305) 998-7000
                                         Email: