UNITED STATES DISTRICT COURT
IN AND FOR THE MIDDLE DISTRICT
OF FLORIDA

PAMBELA CARTER,
        Plaintiff,                              Case No.: 5:21-cv-00152-JSM-PRL

vs.

LARRY CLARK,
CORPORATE CLEANING SERVICES, LLC
        Defendants
_____/

## THIRD AMENDED COMPLAINT

The Plaintiff, PAMBELA CARER, ("Plaintiff'), by its attorneys, Felicetti Law Firm, PLLC, complaining of the Defendant LARRY CLARK, CORPORATE CLEANING SERVICES, LLC ("Defendants"), alleges as follows:

1. This is a civil action brought by Plaintiff to recover unpaid overtime compensation and Earned wages under the Fair Labor Standards Act ("FLSA") and breach of contract under Florida Labor Law. Plaintiff has worked for Defendants from November 27, 2020 through December 26, 2020

2. Plaintiff brings this action pursuant to the FLSA, 29 USC § § 201, to remedy violations of the wage-and-hour provisions of the FLSA that occurred at Defendants. Plaintiff also brings state law claims.

3. Defendants, upon information and belief, also had day to day decision making with the hiring, firing and supervising of cleaning the establishment at WINN-DIXIE STORES, INC., located at 10051 South US Highways 41, Dunnellon. Florida.

4. Plaintiff seeks injunctive and declaratory relief against Defendants for their unlawful actions, compensation for their failure to pay overtime wages and earned wages, compensation for wages that were illegally deducted and for breach of contract and liquidated

damages, compensatory damages, prejudgment and post-judgment interest, and attorney's fees and costs, pursuant to the FLSA and Florida Labor Law.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this matter inasmuch as the State Courts where this was originally brought and this Court have

concurrent jurisdiction with the Federal Courts over violations of the Fair Labor and Standards Act. ("FLSA")

6. State Courts have subject matter jurisdiction over the state-law claims.  Federal Court, where this case was removed to, has supplemental jurisdiction over state-law claims.

7. Venue is proper in this District as the acts in question occurred within this territorial jurisdiction of this Court.

## PARTIES

8. Plaintiff is an individual citizen of the State of Florida, and is a resident of Florida and currently resides at 14560 SW 35th Terrace Road, Ocala Fl 33573.

9. Non-Party Winn-Dixie Stores, Inc. ("Winn Dixie"), is now and at all times relevant to this action, an unincorporated corporation and resides at 10051 South US Highways 41, Dunnellon, Florida, that employed Plaintiff at all times.

10. Defendant Larry Clark resides at 100 Shaftesbury Lane Summerville, SC 29485 and has a business address of 7187 Bryhawk Circle, N. Charleston, SC 29418, Suite 100

11. Defendant Larry Clark is the owner of Corporate Cleaning Group, LLC ("Cleaning Services"), service that performed work inside Winn Dixie and employed Plaintiff as a cleaner at all times.

12.	Defendant Corporate Cleaning Group, LLC resides at PO Box 50006, Summerville, SC 29485.

13.	Defendant Cleaning Services is the cleaning service that performed work inside Non-Party Winn Dixie and employed Plaintiff as a cleaner at all times.

14.	At all times relevant to this action, Cleaning Services, was owned, managed, supervised or otherwise controlled by Larry Clark, and was an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

15.	On information and belief, Cleaning Services has (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) an annual gross volume of sales in excess of $500,000.00.

16.	On information and belief, for many years, Larry Clark, maintained. controlled and/or and oversaw the direction of Cleaning Services

17.	Defendant Larry Clark of Cleaning Services are persons engaged in business in the State of Florida, who is sued individually in his/her/their capacity as an owner, officer, and agent of Cleaning Services. Defendants exercised sufficient control over this corporate entity to be considered Plaintiff's employer under the FLSA , and at all times material hereto said Defendant had the authority to hire and fire employees and established and maintained policies regarding the pay practices at Cleaning Services and for all personnel.

## FACTS OF THE MATTER

18.	On or about November 27, 2020, Plaintiff worked for Winn Dixie as the location at 10051 South US Highways 41, Dunnellon. Florida as a cleaner from 10:45 to 6:00 AM.

19.	On or about November 27, 2020, Plaintiff worked for Cleaning Services as the

location at 10051 South US Highways 41, Dunnellon. Florida as a cleaner from 10:45 to 6:00 AM.

20. Specifically, Plaintiff was hired by Larry Clark of Cleaning Services to perform the aforesaid work.

21. Plaintiff was supervised and managed by Larry Clark and Cleaning Services.

22. Plaintiff worked 7.25 hours a day, six days per work at least 80 hours per week from November 27, 2020 through December 26, 2020, and only received $300.00 in total.

23. Plaintiff was not compensated full and proper time and one-half compensation for such hours, in violation of the FLSA overtime provisions.

24. On or about December 23, 2020, Defendants terminated Plaintiff's employment.

25. Plaintiff is owed the sum of money that is within the jurisdictional limit of the County court, for wages that were never paid, along with penalties and interest.

26. The cleaning equipment that Defendants use, including mops, brooms and cleaning agents have been transported between state lines and Cleaning Services is engaged in interstate commerce.

## COUNT I - BREACH OF CONTRACT

27. Plaintiffs reiterates and readopts all allegations contained within Paragraphs 1 through 26 above.

28. Defendants promised Plaintiff the sum of $10.00 per hour and overtime pay for work in excess of 40 hours per week.

29. Defendants breached this agreement through failing to pay Plaintiff the amounts that are due and owing except for the sum of $300.00

30. As a result of Defendants' breach of contract, Plaintiff has been damaged in the form of lost wages and unpaid overtime.

31. As a direct and proximate result of Defendant's deliberate breach of contract, Plaintiff has been damaged.

32. At the time of incident sued upon, Defendant LARRY CLARK was a resident of the State of South Carolina who engaged in business in the State of Florida. Service was attempted upon the Defendant; however, the Defendant has concealed his whereabouts. Pursuant to FSA § 48.181, Defendant has appointed the Secretary of State as his agent for service for process.

**WHEREFORE**, Plaintiff demands judgment against Defendant for lost wages, unpaid leave, and other damages to be proven at trial, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II - UNJUST ENRICHMENT

33. Plaintiffs reiterates and readopts all allegations contained within Paragraphs **1** through 31 above.

34. Defendants promised Plaintiff the sum of $10.00 per hour and overtime pay for work in excess of 40 hours per week.

35. Defendants breached this promise through failing to pay Plaintiff the amounts that are due and owing except for the sum of $300.00

36. As a result of Defendants' conduct, Plaintiff has been damaged in the form of lost wages and unpaid overtime.

37. Defendant has been unjustly enriched to the detriment of Plaintiff in a sum of money within the jurisdictional limitations of this Court.

**WHEREFORE**, Plaintiff demands judgment against Defendant for lost wages, unpaid leave, and other damages to be proven at trial, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and

appropriate.

## COUNT III - VIOLATION OF 29 U.S.C. § 207
## OVERTIME COMPENSATION

38. Plaintiff, by reference, reiterates and adopts paragraph 1-36.

39. The overtime wage provisions set forth in the FLSA, 29 U.S.C §§ 201 *et seq.,* and the supporting federal regulations, apply to Defendant and protect Plaintiff.

40. Plaintiff worked in excess of forty hours during the work week in the relevant period.

41. Defendants willfully failed to pay Plaintiff the appropriate overtime premiums for all hours worked in excess of 40 hours per workweek, as required by the FLSA 29 U.S.C §§ 201 *et seq.,* and the supporting federal regulations.

42. Defendants' unlawful conduct, as described in this Complaint, has been willful and intention. Defendants are aware of should have been aware that the practices described in this Complaint were unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff.

43. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C §§ 201 *et seq.*

44. As a result of Defendants' willful violations of the FLSA, Plaintiff has been deprived of overtime compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorney's fees, costs and other compensation pursuant to 29 U.S.C 201 *et seq.*

**WHEREFORE**, Plaintiff demands judgment against Defendant for, unpaid ove1iime, liquidate damages, prejudgment interest and all other damages to be proven at trial, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

## COUNT IV - STATUTORY ATTORNEY'S FEES

45.   Plaintiff, by reference, reiterates and adopts paragraph 1-43.

46.   Plaintiff in bringing an action for a breach of contract involving unpaid wages and unpaid overtime is entitled to an award of reasonable attorney's fees for services that were rendered in connection with this matter.

47.   FSA §448.08 by its express terms mandates an "[a]ward to the prevailing party in an action for unpaid wages costs of the action and a reasonable attorney's fee."

48.   Since Plaintiff has not been paid wages that are due and owing, an appropriate award for attorneys' fees must issue.

**WHEREFORE**, Plaintiff demands judgment for damages against Defendants along with its reasonable attorney's fees and the costs of this action.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues and all counts of this Complaint so triable as a matter of right.

Dated: June 10, 2021

Yours, etc.
*/s/ Jason Tenenbaum*
By: Jason Tenenbaum. Esq.
Florida Bar Number: 0670200
Felicetti Law Firm, PLLC
1600 Ponce De Leon Blvd. Suite 807
Coral Gables, FL 33134
(305) 998-7000
Email: Jason@felicettilawfirm.com